United States District Court
Southern District of Texas
**ENTERED**
August 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Civil Action No. H-15-2509 |
| | § | |
| NICHOLAS NNAJI. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, who is currently serving a term of federal supervised release, filed a petition for habeas relief under section 2241. The Government filed a motion to dismiss (Docket Entry No. 6), to which petitioner filed a response (Docket Entry No. 7) and an unauthorized, but essentially duplicative, second response (Docket Entry No. 8).

Having considered the petition, the motion, the responses, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit without prejudice as an unauthorized successive section 2255 habeas proceeding.

### I. BACKGROUND AND CLAIMS

Petitioner was convicted of possession with intent to distribute one kilogram or more of heroin and conspiracy to possess with intent to distribute one kilogram or more of heroin. On June 4, 2002, the court sentenced him to a 188-month term of imprisonment in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. The conviction was affirmed on appeal, *United States v. Nnaji*, 70 F. App'x 217, 2003 WL 21660341 (5th Cir. 2003). Petitioner's motion for relief under section 2255 was dismissed

with prejudice on December 2, 2005. He appealed the habeas dismissal, and the Fifth Circuit Court of Appeals affirmed and denied a certificate of appealability on October 4, 2007. *United States v. Nnaji*, 250 F. App'x 72 (5th Cir. 2007), *cert. denied*, 552 U.S. 1324, *rehearing denied*, 553 U.S. 1103 (2008).

Petitioner subsequently filed numerous post-conviction motions in two federal lawsuits, all of which were denied. *United States v. Nnaji*, 2010 WL 5437260 (S. D. Tex. 2010); *United States v. Nnaji*, 2013 WL 6054460 (S. D. Tex. 2013).

Petitioner raises the following habeas claims in the instant petition:

(1) he is actually innocent based on "newly discovered evidence";

(2) the Government withheld the evidence at trial;

(3) the Government failed to disclose that co-defendant Evans was working for the Government; and

(4) Government witness and co-conspirator Cronje brought illegal drugs into the United States when she was pregnant so that she could deliver her baby in the United States enabling her to remain in the United States after the child was born.

The Government correctly contends that the pending section 2241 petition should be dismissed for want of jurisdiction as an unauthorized successive section 2255 habeas petition.

## II. ANALYSIS

It is well established that a collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28

U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *See id.* at 877–78. A petitioner's right to file a successive or second section 2255 petition is circumscribed by the statute itself. In order to file a second or successive section 2255 motion, a petitioner must show that the motion is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). That determination, however, must be made by a three-judge panel of the appropriate federal court of appeals before a petitioner files his motion in federal district court. *See id.* §§ 2255(h) & 2244(b)(3).

Nevertheless, habeas relief under section 2241 may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830–31 (5th Cir. 2001); *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) ("However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention."). A section 2241 petitioner must satisfy two factors to show inadequacy. First,

the claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense. *Jeffers*, 253 F.3d at 830; *see also Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first section 2255 motion. *Jeffers*, 253 F.3d at 830. Petitioner has not identified a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and he does not meet the requirements of the savings clause.

Petitioner's claims in this instant proceeding challenge the validity of his conviction and sentence, and his petition constitutes a successive section 2255 habeas petition. It is undisputed that the Fifth Circuit Court of Appeals has not issued an order authorizing the Court to consider petitioner's successive section 2255 motion. Because petitioner must obtain such an order before he can file a successive application challenging his conviction, his instant section 2241 petition, construed as a successive section 2255 motion, must be dismissed without prejudice for want of jurisdiction. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

### III. CONCLUSION

The Government's motion to dismiss (Docket Entry No. 6) is **GRANTED**, and the motion for habeas relief (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to obtain prior authorization from the Fifth Circuit

Court of Appeals to file a successive section 2255 motion. To any extent necessary, a certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 22nd day of August, 2016.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE